L. A. THURSTON, Guardian of PAKUAKINI, a Minor, *vs.* WILLIAM AYLETT.

ON APPEAL FROM PRESTON, J.

JANUARY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE. JJ.

On appeal the Court allowed the introduction of a book of original records of births kept by a District School Agent, this evidence being newly discovered and material to the just decision of the case.

It appearing from the evidence that the grantor was of legal age when the alleged fraudulent deed was executed, the Court declined to proceed with the bill by his guardian to declare the deed void.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from a decree made by Preston, J., whereby he ordered that a conveyance by the alleged minor, Pakuakini, to the defendant should be set aside and cancelled.

The nature of the case appears from the decision of Preston, J.

At the hearing of the appeal, application was made on behalf of the defendant that he be allowed to introduce new evidence, and the Court being of opinion that the evidence offered was newly discovered and material to the just decision of the appeal, admitted the same. (Civil Code, Section 859.)

The Court heard the new evidence on the 14th and 15th February, and 4th March.

In addition to oral testimony tending to show that Pakuakini was born in the year 1866, the defendant put in evidence the original record of births in the district of Hamakua, kept by G. W. D. Halemanu, the school agent of the district, pursuant to law, in which appears an entry of the birth of Kaiewe, the son of Noa and Kainoa, on the 2d day of August, 1866, and evidence was given that the child is Pakuakini, the alleged minor.

BY THE COURT.

After hearing the testimony, and upon examination of the said record of births, we are of the opinion that the defendant has sustained his allegation that, at the time of the execution of the deed, and at the time of the institution of this suit, Pakuakini was over the age of twenty years, and consequently that the plaintiff's bill cannot be sustained.

A decree must therefore be made declaring that Pakuakini was of age when the said deed was executed, and that the decree appealed from be reversed and the bill dismissed.

As the decree appealed from is reversed in consequence of the new evidence adduced, each party must pay his own costs of the appeal and in the Court below.

*W. O. Smith*, for plaintiff.

*A. Rosa*, for defendant.